NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000411
09-MAY-2014
09:13 AM**

NO. CAAP-14-0000411

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FLORENCE E. DELA CRUZ, ANASTACIA A. DELA CRUZ and
JENNIFER M. RESPECIO, Plaintiffs-Appellants,
v.
IRENE B. QUEMADO, MARVIN QUEMADO, JR.,
and BRYAN T. HIGA, Defendants-Appellees,
and
DOE DEFENDANT 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1089-05)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal that Plaintiffs-Appellants Florencia E. Dela Cruz, Anastacia A. Dela Cruz, and Jennifer M. Respecio's (the Appellants) have asserted from the following two interlocutory orders that the Honorable Karen T. Nakasone entered:

    (1)   a December 2, 2013 order denying the Appellants' motion for a default judgment against Defendant-Appellee Irene B. Quemado (Appellee Irene Quemado) and, instead, dismissing all of the Appellants claims as to Appellee Irene Quemado; and

    (2)   a January 3, 2014 order denying the Appellants' motion for reconsideration of the December 2, 2013 order.

As explained below, these two interlocutory orders will be eligible for appellate review only by way of a timely appeal from a future final judgment that resolves all claims against all parties, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted); State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) ("As a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." (Citations omitted).).

Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2013 authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008);

-2-

Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) ("[A]n order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." (Citation omitted; emphasis added)). For example, the Supreme Court of Hawai'i has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal of claims for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphasis added)). When interpreting the requirement under HRCP Rule 58 for a separate judgment document that, on its face, resolves all claims against all parties, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

On March 25, 2014, the circuit court clerk filed the record on appeal for appellate court case number CAAP-14-0000411, which does not include an appealable final judgment that resolves all claims against all parties. Absent an appealable final

-3-

judgment, this appeal is premature and we lack appellate jurisdiction.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000411 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 9, 2014.

Presiding Judge

Associate Judge

Associate Judge

-4-